## STANLEY WORKS et al. v. C. S. MERSICK & CO.
### No. 2707.

District Court, D. Connecticut.

Feb. 15, 1939.

Rehearing Denied Oct. 9, 1939.

Watrous, Hewitt, Gumbart & Corbin of New Haven, Conn. (Robert Starr Allyn and Hyland R. Johns, both of New York City, of counsel), for plaintiffs.

Rockwell & Bartholow, of New Haven, Conn., for defendant.

HINCKS, District Judge.

1. Defendant's Motion to Amend Answer. This motion is granted by consent.

2. Plaintiffs' Motion to Strike Portions of Answer.

Paragraphs 1 and 2 of the motion are granted.

Paragraph 3 of the motion is denied.

To me, the holding of White v. Dunbar, 119 U.S. 47, 7 S.Ct. 72, 30 L.Ed. 303, more imperatively requires the ruling above indicated as to paragraph 1 of the motion than any of the cases cited to me. The ruling, it will be observed, does not circumscribe the right of the defendant to interpose what Walker designates as the 15th to 17th defenses; what Judge Denison in American Automotoneer Co. v. Porter, 6 Cir., 232 F. 456, at page 466, has eliptically referred to as "the defense of reissue." (In passing, I suggest that in any aspect the defendant can find comfort in American Automotoneer Co. v. Porter only if the patent references, stricken by my ruling, have application dates—not issue dates—intervening between the original patent and the reissue patent in suit). Nor does my ruling preclude resort to the 23rd or 26th defenses (Walker's classification) which I suppose are the appropriate defenses for the assertion of "intervening rights". Indeed, the answer in the matter immediately following what I have stricken apparently falls in these categories.

3. Plaintiffs' Motion for Bill of Particulars.

Denied as to paragraphs 7, 14 to 19, inclusive, 33 to 39, inclusive, and 50, and granted as to the remainder of said motion. If the defendant, as it alleges (Answer, pages 13, 14 and 16), relies upon the claimed existence of intervening rights, plaintiffs are entitled to the specifications requested in paragraph 32 of this motion.

4. Plaintiffs' Motion to Strike Portions of Defendant's Bill of Particulars.

As to paragraph 1 of the motion: The last three lines of page 2 of the Bill of Particulars are stricken as follows: "and other publications by plaintiff's predecessors manufacturing under these patents (this matter is indefinite) and Herman Patent No. 1,321,918 (this item is repeti-

tious)." The preceding lines, viz.: "and Unishear catalog, date not known by defendant but ascertainable by the plaintiff, see pages 3, 4, 5, 7, 15, 17" shall likewise be deemed stricken unless within twenty days said Unishear catalog is definitely identified by the defendant through an amendment to its Bill of Particulars. Page 3, lines 1 to 34, of paragraph 1(c) of defendant's Bill of Particulars are likewise stricken. The remainder of said paragraph 1 of said motion is denied as moot in view of the amendment of paragraph 1 of defendant's Bill of Particulars agreed upon at the hearing and recorded upon the face of the original as on file.

Paragraphs 8 and 9 of the motion are denied upon the understanding that the defendant will within twenty days amend paragraphs 23(e) to 23(g) of its answer and thereby bring its answer into harmony with paragraphs 8 and 9 of its Bill of Particulars.

The remainder of the motion is granted, with leave to the defendant within twenty days to amend its Bill of Particulars.

5. Defendant's Motion for Bill of Particulars.

This motion is denied except as to Paragraph 19 thereof which is granted. (If it be of any importance, it may be noted that defendant agreed that paragraphs 21 to 27, inclusive, of this motion might be deemed withdrawn).

6. Plaintiffs' Motion to Strike Counterclaim.

This motion is granted. The defendant justifies the presence of its counterclaim on the authority of Meinecke v. Eagle Druggists Supply Co., D.C., 19 F. Supp. 523, 525, wherein Judge Patterson points out that without the counterclaim "the plaintiff might withdraw the suit and leave the rights of the parties in uncertainty." But the "wholesome" result found by Judge Patterson to flow from a counterclaim which prevents the capricious bringing of suits with the expectation of subsequent withdrawal upon the appearance of substantial opposition is now assured by Rule 41(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, whereby plaintiff's right to withdraw terminates upon the filing of an answer. Under this salutary rule a counterclaim which serves but to restate the controversy initiated by the complaint is wholly redundant and should be stricken.

Here, however, the counterclaim includes not merely a petition for a declaration of the rights involved in the controversy framed by the complaint but also matter characterized by the defendant as an independent cause of action. The joinder seems sanctioned by Rule 18 of the Rules of Civil Procedure. Cf. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852. And if I could find in the counterclaim a sufficient statement of some cause of action not comprised in the complaint, I should deny the motion to strike. I hold, however, that no valid and complete cause of action is stated in the counterclaim.

■ For the new matter in the counterclaim obviously is insufficient to state a cause of action for unfair competition. Viewed as an attempt to state a cause for malicious prosecution, it is insufficient, if for no other reason, in that it fails to state that the "malicious" prosecution, which if it exists must consist in the bringing of the complaint herein, has terminated favorably to the defendant. 38 C.J. 437. The defendant gives me no other suggestions as to the species of its "cause of action" and I am unable to find that any legal cause of action is stated. I conclude that the counterclaim is wholly redundant and futile.

### 7. Plaintiff's Motion under Rules 16 and 37.

■ 1. With respect to the reissue patent only. In view of defendant's concession that Achard reassigned to Gueneau, and that Gueneau had title, which concession will presently be entered of record in a formal stipulation and will cover the authenticity of all the plaintiff's papers disclosed in plaintiff's requests for admissions, the motion in so far as it seeks further admissions as to the title of the plaintiff, Stanley Works, is denied. This ruling is entered with the understanding that if prior to trial the defendant obtains specific evidence of outstanding rights conflicting with the plaintiff's claim of an exclusive license, seasonable notice of such evidence shall be given to the plaintiff.

■ 2. With respect to the five patents in suit other than the reissue. The defendant, by stipulation referred to above, having conceded the authenticity of the documents contained in plaintiff's requests for admissions, the motion in so far as it seeks further admissions as to title is denied.

### 8. Motion to Sustain Plaintiffs' Objections to the Defendant's Interrogatories.

■ The first seven interrogatories are improper. They call for evidentiary matter, obtained by the plaintiffs since the bringing of the bill. Whether the information was obtained by the plaintiffs for commercial purposes or for the purpose of supporting the pending litigation is immaterial. These interrogatories call for plaintiffs' evidence as distinguished from any ultimate fact material to the defense. And after the bringing of the bill the defendant had equal opportunity with the plaintiffs to advertise for information which might (or might not) serve as evidence.

■ Interrogatories 8 and 9. The objections to these interrogatories are sustained. I cannot see how tools made under an expired patent not in suit, issued on an application antedating the filing dates of all the patents in suit, are material, as defendant contends, upon a defense of intervening rights. Likewise as to plaintiffs' ownership of or license under the expired patent.

■ Interrogatory 10. Objection sustained. This interrogatory calls upon the plaintiffs to express an opinion as to whether specific tools, possibly of great number, are "of the general type shown and described" in four of the patents in suit. Interrogatories should, of course, be limited to matters of fact, as distinguished from matters of opinion. Moreover, interrogatories should be limited in scope to the pending issues which in turn are limited by the particular claims in suit. This interrogatory fails to recognize this limitation in that it includes within its scope matter comprised within all the claims, contested and uncontested.

Interrogatories 11 to 15. Objections sustained. The defendant concedes that the earlier rulings above indicated, if correct, must likewise obtain here.

Interrogatories 16 to 20. It is agreed that these interrogatories shall be answered.

Interrogatories 21 to 24. Objections sustained. The defendant attempts to justify these interrogatories by their bearing upon the defense of "intervening rights". But this defense is predicated upon the existence of an estoppel in pais operating against the plaintiffs which precludes them from interfering with the defendant's prac-

tice. The defendant here does not claim to have succeeded to the rights of Unishear, and thus to enjoy a special immunity from attack which may once have belonged to Unishear. It is thus in no position to use the immunity of Unishear as the basis for an estoppel against the plaintiffs. If the object of these interrogatories relates to defenses addressed to the validity of the reissue, the defendant, despite my earnest request for aid, has failed to respond and without aid I am unable to fathom what the defendant has in mind.

Interrogatories 25 to 27. Objections sustained. These interrogatories clearly are not relevant on the issue of estoppel through intervening rights, and if the defendant has any other objective in mind it has not been disclosed to me.

Interrogatories 28 to 30. Objections sustained. The patents in suit speak for themselves.

Interrogatory 31. Objection sustained. The plaintiffs' mental processes are not in issue.

Interrogatories 32 to 35. Objections sustained. Without aid which is wholly absent I cannot find these interrogatories relevant.

Interrogatories 36 to 45. Objections sustained. I am unable to perceive the relevancy of these interrogatories to the issues raised by the claims in suit.

Interrogatories 46 to 50. Objections sustained. See rulings on interrogatories 21 to 24.

Interrogatories 51 and 52 may be answered by stating the relevant facts and dates relating to the relationship, if any, between the plaintiffs and Unishear Co., Inc.

Interrogatories 53 to 55. Objections sustained. Plaintiffs' structures are not material. Also see rulings on interrogatory 10.

### On Petition for Rehearing.

 The comment which accompanies my rulings on interrogatories 21 to 24 (page 6 [1 F.R.D. 46] of my memorandum of February 15th) is hereby withdrawn as inconsistent with Otis Elevator Co. v. Atlantic Elevator Co., 2 Cir., 47 F. 2d 545, which, so far as the actual holding goes, is controlling on this court. I do not overlook the plaintiffs' argument that the improvement of the art between the dates of the original patent and the reissue must be continuous if it is to serve as the basis for a defense of intervening rights. This is a refinement of the defense which needs no ruling at this time. Indeed, I should not suppose that this point, or indeed any other contention relating to the legal sufficiency of this defense, would be ripe for ruling until all the defendant's evidence in support of its defense is in.

The rulings upon the defendant's interrogatories 21, 22, 24, 46, 47, 48 and 50, indicated in my earlier memorandum and order, are vacated. I have reexamined the briefs and letters of the parties in so far as they bear on these interrogatories and now rule as follows:

 Interrogatories 21 and 22, objection overruled. I do not agree with the plaintiffs that inquiries into commercial practice or into specific commercial acts with respect to a given product are the equivalent of inquiries into the date of invention of that product. And if, as plaintiffs suggest, the Patent Office trade-mark registrations will answer the defendant's questions, I see no reason why the plaintiff should not give a direct answer and thus obviate the need to encumber the record with documents from the Patent Office.

 Interrogatory 24. Objection overruled. To be sure, we are interested only in "Unishear shears" embodying one or more of the claims in suit. If it happens that "the earliest Unishear shear of which plaintiffs have knowledge", to which alone the interrogatory is directed, does not embody any of the claims in suit no harm will be done; if it does embody one of the claims, the defendant is entitled to the information. It is understood, of course, that the interrogatory, in so far as it seeks a photograph or other illustration, is limited to existing photograph or illustration. For the plaintiffs cannot properly be put to the expense of taking photographs through the device of an interrogatory.

Interrogatory 46. Objection overruled, except as to the final clause, viz., "and describe the shear of said publication in connection with the illustration produced", as to which the objection is sustained.

Interrogatories 47, 48 and 50. Objections overruled. ·

As to interrogatory 32, the motion for rehearing is denied.

Ordered accordingly.