**UNITED STATES of America**

v.

**Harold E. CARSON and wife,
Ann Carson.**

**Civ. A. No. 72-B-82.**

United States District Court,
S. D. Texas,
Brownsville Division.

April 18, 1973.

Anthony J. P. Farris, U. S. Atty., and Charles B. Wolfe, Asst. U. S. Atty., Houston, Tex., for the Government.

Kelley, Looney, Alexander & Hiester, Ralph L. Alexander and John F. Rowin, Edinburg, Tex., for defendants.

## MEMORANDUM AND ORDER

GARZA, District Judge.

This suit arises out of three loans made by the United States of America, acting through the Farmers Home Administration, (hereinafter Plaintiff), to Harold E. Carson and wife, Ann Carson, (hereinafter Defendants), on July 20, 1949. The three loans were in the amount of $2,700.00, $1,200.00 and $3,900.00. The last note of $3,900.00 was secured by a deed of trust to 20 acres of the Defendants' land. That note has been paid, and the amount owed is not in controversy. The parties have stipulated that the amount due and owing on the two remaining notes is $3,750.00, with interest up and until November 11, 1972, of $1,825.25, at a daily accrual rate of $.3083 per day.

No fraud is asserted with respect to the execution and delivery of the notes upon which this action is based. Defendants received the full proceeds of the loan.

The Plaintiff brought suit on the past due notes. The Defendants admitted making the loans, but filed a counterclaim, alleging that Defendants are entitled to a defense of set off by way of recoupment.

Defendants borrowed the money for the purpose of planting and maintaining a citrus grove. Citrus trees were planted in the fall of 1950. There was a freeze in the Rio Grande Valley area in January of 1951. The Defendants planted 2,400 citrus trees out of which the Plaintiff assisted in 1,800 trees. The Defendants allege that the freeze which occurred in 1951 killed all but approximately 300 of their citrus trees, and that the Plaintiff forced them to maintain these dead trees for a period of ten years. The Defendants allege that the agents from the Farmers Home Administration (FHA) inspected the orchard and advised them to prune, irrigate, fertilize, weed and carry out all necessary agricultural practices on the remaining citrus trees, or the notes would mature immediately and foreclosure and judgment would be taken against Defendants. Defendants say that such advice was given, even though the agents of the FHA knew that the citrus trees were dead. Defendants allege that as a result of the threats of foreclosure, Defendants maintained the dead citrus grove for ten years at a cost of $1,000.00 a year, and that the FHA agents also prevented Harold Carson from seeking outside employment and Defendants were forced to borrow $8,000.00 for personal living expenses. Defendants allege that because of the Plaintiff's malicious acts, their property has decreased in market value from $12,500.00 on July 20, 1949, to $8,000.00 after January 1951. Defendants were forced to sign an extension of the notes in 1965. The Plaintiff callously refused to lend the Defendants money after they suffered damage in a hurricane in 1967. These are the allegations of Defendants' counterclaim for a set off and defense of recoupment.

This Court has jurisdiction under the provisions of 28 U.S.C. § 1345. The counterclaim asserted by the Defendants is in the nature of a tort. When an injury is suffered as the result of a negligent act and some damage is discernible at the time, the two year statute of limitations begins to run on a tort claim against the United States. Mendiola v. United States, 401 F.2d 695 (CA 5 1968); Childers v. United States,

442 F.2d 1299 (CA 5 1971), cert. den. 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99; Simon v. United States, 244 F.2d 703 (CA 5 1957). The Defendants' counterclaim for any affirmative relief is barred by the statute of limitations, 28 U.S.C. § 2401(b). A counterclaim against the United States, which would otherwise be barred by 28 U.S.C. § 2401(b), may be asserted as a defense of set off or recoupment only if the counterclaim arises out of the same transaction or circumstances as the claim asserted by the United States. Bull v. United States, 295 U.S. 247, 261, 55 S.Ct. 695, 79 L.Ed. 1421 (1935); United States v. Summ, 282 F.Supp. 628 (D.C. N.J. 1968).

■ The significant feature of a demand for recoupment is that it arises out of the same transaction which is the subject matter of the Plaintiff's complaint, and has as its objective the defeat of Plaintiff's action. United States v. Summ, *supra*, at page 630. Counterclaims and cross-claims are provided for in Fed.R.Civ.P. 13. When the sovereign sues, it waives immunity as to claims of the defendant, which assert matters in recoupment, arising out of the same transaction or occurrence. Frederick v. United States, 386 F.2d 481, 488 (CA 5 1967). Defendants' counterclaim here arises from the same transaction or occurrence. Defendants are sued on the notes for which the Plaintiff has made a prima facie case of liability; the counterclaim arises from the Plaintiff's alleged tort, concerning the property securing the notes.

■ The Plaintiff's cause of action sounds in contract as a suit on past due notes, while the Defendants' counterclaim sounds in tort as a "negligent performance of operational tasks". In the field of torts, the United States has not waived its sovereign immunity in cases "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused", 28 U.S.C. § 2680(a); and in cases "arising out of . . . misrepresentation, deceit, or interference with contract rights". 28 U.S.C. § 2680(h). United States v. Sherman Gardens Co., 298 F.Supp. 1332 (D. C.Nev.1967).

■ This was a simple loan transaction. Two of the notes in the controversy were to be secured by chattel property in the form of citrus trees. The Plaintiff had the right to see that their chattel security was protected at all times. The advice given the Defendants concerning the upkeep of their citrus grove was made by the agents of the FHA, as an exercise of their discretion in the performance of their duties. The discretionary decision of the agents cannot be considered a tort for which the Plaintiff can be held liable. 28 U.S.C. § 2680(a). The advice given to Defendants falls within the exceptions to 28 U. S.C. § 1346, which are provided in 28 U.S.C. § 2680.

When the Government loans money to an individual, a profitable operation cannot be guaranteed. The Defendants suffered from the fortuitous calamities of nature, for which the Plaintiff cannot be held responsible. The Plaintiff has proven its case, and the Defendants have failed to show why they should not be held liable on the notes.

The counterclaim of Defendants should be, and is hereby dismissed; and it is further Ordered, Adjudged and Decreed that Plaintiff, United States of America, recover from Defendants, Harold E. Carson and wife, Ann Carson, $3,750.00, the balance due and owing on the notes, with interest up and until November 11, 1972, of $1,825.25, interest from November 11, 1972, to date of entry of judgment at the rate of $.3083 per day, and interest thereafter until paid at the rate of six per cent per annum.

The foregoing constitutes the Findings of Fact and Conclusions of Law of this Court and is a Final Judgment herein.