The UNITED STATES, Plaintiff,

v.

GOLD MOUNTAIN COFFEE, LTD., et al., Defendants.

Court No. 84–6–00858.

United States Court of International Trade.

Dec. 19, 1984.

**3.** *See, e.g.* 19 U.S.C. § 1305 (immoral articles).

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Kevin C. Kennedy, Civil Division, U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Barnes, Richardson & Colburn, New York City (Andrew P. Vance, Michael A. Johnson, John J. Galvin, New York City and Carl J. Laurino, Jr., Valley Stream, N.Y., and Kaplan, Russin, Vecchi, Eytan & Collins, Mattaniah Eytan, San Francisco, Cal., for defendants.

### Opinion and Order

RESTANI, Judge:

■ Plaintiff, the United States of America, brings this action for penalties and forfeitures[1] alleging that defendants Gold Mountain Coffee, Ltd., Gold Mountain Holdings, Ltd., and Teck Hock and Company, Ltd. made false statements in connection with the importation of coffee beans labeled as originating in the Peoples' Republic of China. Defendants counterclaim, *inter alia,* for damages alleging improper detention and seizure of the coffee beans. Plaintiff seeks partial summary judgment dismissing the counterclaims based on lack of jurisdiction and the doctrine of sovereign immunity.[2] Plaintiff also opposes defendants' motions to amend their counterclaims. Defendant Teck Hock & Co., Ltd. clearly states in its motion to amend counterclaim that it seeks only recoupment in its counterclaim for damages. The Gold Mountain defendants do not so clarify their counterclaim and they seek to amend it to allege

violations of contractual and constitutional rights.

■ Although 28 U.S.C. § 1583 may provide a basis of jurisdiction over the claims at issue, the right of counterclaim under § 1583 does not provide a waiver of sovereign immunity beyond that allowed by other law. Court of International Trade ("CIT") Rule 13(c). Defendants' mere allegations of unconstitutional taking of property, tortious conduct or breach of implied contract are not adequate assertions of authority for this court to render judgments which would be satisfied from the Treasury of the United States.[3] It is possible that these types of claims may be brought in the Claims Court[4], the district court[5], or this court. Defendants, however, have not pointed to a statutory waiver of sovereign immunity for suit in this or any other federal court which would permit a monetary judgment in defendants' favor. Nor have defendants demonstrated a jurisdictional basis for suit in another court. Without such showings, action by this court on defendants' affirmative claims or transfer of the claims to another court is inappropriate. Therefore, the court will consider defendants' monetary counterclaims as claims for recoupment only.

■ Recoupment is in the nature of a defense. It requires no waiver of sovereign immunity because the government necessarily consents to adjudication of the entire transaction when it files suit with regard to that transaction. *Frederick v.*

1. The court previously ruled in this case that it has no jurisdiction over forfeiture actions under 18 U.S.C. § 545 (1982) and that the right to judicially ordered forfeiture under 19 U.S.C. § 1592 (1982) is limited. 8 CIT ——, 597 F.Supp. 510 (1984) rehearing denied, 601 F.Supp. 212 (1984).

2. Plaintiff does not seek dismissal of defendants' counterclaims for entry or release of property. Jurisdiction exists under 28 U.S.C. § 1583 (1982) to hear such claims, and these nonmonetary claims are not barred by the doctrine of sovereign immunity. *See Newsom v. Vanderbilt University,* 653 F.2d 1100, 1107 (6th Cir.1981).

3. Defendant Teck Hock and the plaintiff seem to be in agreement that there is no waiver of

sovereign immunity in any court for an affirmative tort claim against the United States arising from detention or seizure of goods by customs officials. *See* 28 U.S.C. § 2680(c) (1982); *Kosak v. United States,* —— U.S. ——, 104 S.Ct. 1519, 1523–26, 79 L.Ed.2d 860 (1984); *Siaca v. United States,* 7 CIT ——, Slip Op. 84–5 at 3–6 (January 26, 1984).

4. *See United States v. Federal Insurance Co.,* 7 CIT ——, Slip Op. 83–118 (Nov. 15, 1983).

5. *See Bar Bea Truck Leasing Co. v. United States,* 4 CIT 70, 80, 546 F.Supp. 558, 566 (1982), *rev'd on other grounds,* 713 F.2d 1563 (Fed.Cir.1983).

*United States,* 386 F.2d 481, 489 (5th Cir. 1967). *See also* 3 J. Moore, MOORE'S FEDERAL PRACTICE ¶ 13.28, (2d ed. 1984). Recoupment implies a balancing of credits. Therefore both plaintiff's and defendants' claims must give rise to the same type of relief. *Frederick v. United States* at 488; *United States v. Ameco Electronic Corp.,* 224 F.Supp. 783, 786 (E.D.N.Y.1963). Insofar as plaintiff's claim here involves forfeiture of goods, recoupment is not permitted.[6] Insofar as plaintiff seeks a money judgment, a claim in recoupment reducing the amount of such judgment is possible.

■ Still, recoupment requires that plaintiff's and defendants' claims involve the same transaction. Plaintiff argues that its claim turns on defendants' conduct in the importation of the coffee beans, whereas defendants' claims involve the detention and seizure of the beans. Because all claims involve the same coffee beans and the detention and seizure resulted directly from the importation of the beans, all claims fall within a broad definition of claims arising from the same transaction. Plaintiff might argue that the definition of "same transaction" should be narrowed where a sovereign function such as customs penalty collection is involved. Although the sovereign versus proprietary distinction may be important on occasion, the court recognizes that it is often anything but "distinct." For example, even though *Frederick* involved loan collection rather than a tax or customs dispute, the loans in *Frederick* were made to further public policy interests and were not for purely commercial purposes. As will be demonstrated, the court finds that the presence of admittedly sovereign functions in this case does not warrant disregard of the well-established right to recoupment.

One of the principal cases cited by plaintiff, *EEOC v. 1st National Bank of Jackson,* 614 F.2d 1004 (5th Cir.), *cert. denied,* 450 U.S. 917, 101 S.Ct. 1361, 67 L.Ed.2d 342

(1980), may be viewed as a case where the "same transaction" element of recoupment was lacking. In that case the court found a related malicious prosecution claim against the United States too tenuously and indirectly connected to the unlawful discrimination claim brought by the United States to qualify as a claim in recoupment. Underlying that decision, however, appears to be the court's concern that Congress clearly intended that the sovereign not be sued in an original action on account of the particular tort at issue. This concern was made more evident in *United States v. Carson,* 360 F.Supp. 842 (S.D.Tex.1973) where the court first cites *Frederick* as permitting recoupment absent a statutory waiver of sovereign immunity, but denies recoupment on the basis of the lack of such a waiver in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* (1982). The question posed by the FTCA did not plague the *Frederick* court because it was able to find a contractual duty which the United States owed the defendant. That duty arose from the very same contract on which the United States sued. This court, however, is troubled by the clearly expressed policy of the FTCA that the United States not be subject to tort damages when its customs officials detain goods. *See* footnote 3 *supra.* Nonetheless, this court rejects the notion found in *United States v. Carson,* 360 F.Supp. 843 (S.D.Tex.1973), that the FTCA is something other than a statute waiving sovereign immunity.

■ It is the very lack of necessity of a statutory waiver of sovereign immunity which distinguishes counterclaims for recoupment from counterclaims seeking more far-reaching relief. The case of *Bull v. United States,* 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1934) (involving tax collection), makes clear that even when the United States is acting in its sovereign capacity, it must seek equity in order to recover a

---

**6.** It is this proposition for which *United States v. 2116 Boxes of Bond Beef,* 726 F.2d 1481 (10th Cir.), *cert. denied sub nom., Jarboe-Lackey Feedlots, Inc. v. United States,* — U.S. —, 105 S.Ct. 105, 83 L.Ed.2d 49 (1984) and *United States v.*

*Lockheed L–188 Aircraft,* 656 F.2d 390 (9th Cir. 1979) (cited by plaintiff) may be said to stand, and not for the broader proposition that recoupment requires a specific statutory waiver of sovereign immunity.

money judgment.[7] If one accepts the principle stated in *Bull*—that recoupment is a matter of equity—the ordinary sovereign immunity protections simply do not apply in a case of recoupment. Because this is a matter of equity, it is irrelevant whether the recoupment claim sounds in tort and may not be heard as an original claim in any court, or whether it is some other type of claim which may be cognizable as an original claim in some court. Therefore, the lack of a waiver of sovereign immunity in the FTCA for this claim does not bar recoupment.

To avoid penalizing defendants beyond the penalties set forth in 19 U.S.C. § 1592, the court must determine whether defendants were legally injured by the detention and seizure. A fair and equitable judgment cannot be rendered without doing so. Since plaintiff must prevail on its related claim in order for the right of recoupment to arise, it will be difficult for defendants to recoup any damages. Nonetheless, the court is unprepared at this early stage to state that there is no scenario under which defendants will succeed in establishing their recoupment claims.

Apart from the tort theory of damages, the Gold Mountain defendants have raised claims based on an implied contract of bailment and an unconstitutional taking of property. Plaintiff has challenged these counterclaims on the grounds of lack of jurisdiction and sovereign immunity (fail-

ure to state a claim). The merits have not been addressed.[8] As indicated, the right of recoupment applies to all types of claims. Thus, in this case a recoupment claim sounding in contract or based on the Constitution will not be barred on the basis of lack of jurisdiction or the absence of a statutory waiver of sovereign immunity.

■ Since the Gold Mountain defendants have not prayed for relief under their constitutional and contractual counterclaims, the court will not permit their motion to amend to add the counterclaims in their present form.[9] Therefore, the Gold Mountain defendants are directed to file their recoupment counterclaim in a proper form within ten days of this date, if they wish the court to hear such a claim.

Accordingly, plaintiff's motion for partial summary judgment is denied, defendant Teck Hock's motion to amend its counterclaim is granted, and the Gold Mountain defendants' motion to amend their counterclaim is denied, but permission is granted to file a counterclaim in the form indicated by the court.

---

7. The Court of International Trade has sufficient equitable jurisdiction to hear the recoupment claim. 28 U.S.C. § 1585. No separate jurisdictional provision is required.

8. Plaintiff does assert that defendants' implied contract claim cannot succeed because an ex-

press contract exists. This issue was addressed only in passing.

9. In addition, a new answer and integrated counterclaim should have been lodged with the court, not the piecemeal amendment provided.