**SEASIDE REALTY CORP., Plaintiff,**

**v.**

**UNITED STATES, Defendant.**

**Court No. 84–12–01778.**

United States Court of International Trade.

April 3, 1985.

Mandel & Grunfeld, New York City (Steven P. Florsheim and Frank J. Desiderio, New York City), for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., David R. Cohen, Director, Commercial Litigation Branch (Kevin C. Kennedy and Francis J. Sailer, Washington, D.C.), for defendant.

### Memorandum Opinion and Order

FORD, Judge:

The factual background in this action establishes that on August 6, 1984 the United States Customs Service in San Juan, Puerto Rico seized sixty-two sea containers of green unroasted coffee, alleged to be valued at $5,000,000. The government on September 9, 1984 filed a civil action in the District Court of Puerto Rico seeking forfeiture of said merchandise pursuant to 18 U.S.C. § 545 and 19 U.S.C. § 1592 (hereinafter referred to as § 545 and § 1592). The "notice of seizure" issued by the Customs Service alleged both § 545 and § 1592.

The cause of action under § 1592 was voluntarily dismissed by the government without prejudice. The district court presently has before it the remaining claim under § 545 in which plaintiff has appeared.

In instituting this action plaintiff seeks, by its complaint, to have this Court grant a declaratory judgment "that with respect to the seized coffee, there was no violation of 19 U.S.C. § 1592" (paragraph 10 of complaint). In addition, plaintiff requests the return of the seized coffee for the purpose of exportation (paragraph 11 of complaint), while at the same time admitting the coffee is not subject to spoilage if properly stored (paragraph 22 of complaint). Alternatively, (paragraph 12 of complaint) plaintiff seeks an order in the nature of mandamus "directing the Defendant United States to forthwith commence an action in this court pursuant to 28 U.S.C. § 1582(1), concerning a violation of 19 U.S.C. § 1592, as it relates to the subject coffee."

Defendant has moved to dismiss the action on the ground the Court does not have jurisdiction to order the return of the seized coffee or issue a declaratory judgment to the effect that § 1592 has not been violated. Defendant further alleges that plaintiff has failed to state a claim upon which relief can be granted, insofar as it

relates to compelling defendant to institute an action under § 1592.

■ In jurisdictional matters the burden of proof rests upon the plaintiff. *United States v. Biehl*, 3 CIT 158, 539 F.Supp. 1218 (1982); *Vivitar Corp. v. United States*, 8 CIT ——, 585 F.Supp. 1419 (1984), Appeal No. 84–1638 pending.

■ There is no dispute that the government filed the district court action prior to plaintiff instituting this action. It is well established that a subsequently filed action should be dismissed when a prior action is pending in which there is an identity of issues which will be determined in the prior lawsuit. *Jones v. American Guild of Variety Artists*, 199 F.Supp. 840, (E.D.Pa. 1961); 5 C. Wright & A. Miller, Federal Practice & Procedure § 1360 (1969).

■ Whether plaintiff fraudulently attempted to enter the coffee by means of any false document or statement is before the district court.[1] Since jurisdiction over the seized coffee resides in the district court, this court has no jurisdiction over the said coffee or the merits of the forfeiture proceedings. Therefore, this court may not order the release of the seized coffee.

■ The question of whether the court may issue a declaratory judgment with respect to the fact that plaintiff has not violated § 1592 must be denied since Customs has not determined whether an action will be instituted under § 1592. The dismissal without prejudice of the action under § 1592 by the district court certainly does not require such a determination. Ac-

cordingly, since neither a § 1592 action has been instituted, nor has there been a trial on the merits, such a request is premature.

■ Plaintiff's request, in the form of mandamus seeking an order of this court to direct Customs to institute an action under § 1592, is denied. The determination to institute such an action is not a ministerial act but one involving discretion. Relief in the nature of mandamus may be used to compel the performance of a ministerial act but may not be invoked to compel the exercise of discretion. *Wilbur v. United States*, 281 U.S. 206, 50 S.Ct. 320, 74 L.Ed. 809 (1930). Before a notice of penalty is issued, an investigation must be instituted and the specific statutory and regulatory framework is required to be followed. Since such determination has not been made, institution of a § 1592 action, pursuant to 28 U.S.C. § 1582(1), would be premature. If in fact an action is instituted, the matter may very well be settled administratively upon the filing of a petition with Customs. Accordingly, institution of a § 1592 action is not at the point where the court may entertain plaintiff's request.

In view of the foregoing, it is hereby

ORDERED that plaintiff's complaint be, and the same hereby is, dismissed, and it is further

ORDERED that defendant's motion to dismiss be, and the same hereby is, granted.

---

1. **§ 545. Smuggling goods into the United States**

Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces into the United States any merchandise which should have been invoiced, or makes out, or passes, or attempts to pass, through the customhouse any false, forged, or fraudulent invoice, or other document or paper; or

Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells or in any manner facilitates the transportation, concealment, or sale of such merchandise after

importation, knowing the same to have been imported or brought into the United States contrary to law—

Shall be fined not more than $10,000 or imprisoned not more than five years, or both.

Proof of defendant's possession of such goods, unless explained to the satisfaction of the jury, shall be deemed evidence sufficient to authorize conviction for violation of this section.

Merchandise introduced into the United States in violation of this section, or the value thereof, to be recovered from any person described in the first or second paragraph of this section, shall be forfeited to the United States.