UNITED STATES, PLAINTIFF v. BONNEAU CO., DEFENDANT

Court No. 87–06–00745

(Decided March 18, 1988)

*John R. Bolton,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Sheila N. Ziff*) for plaintiff.

*Webster & Sheffield (James L. Condren)* for defendant.

## OPINION

TSOUCALAS, *Judge:* The issue presently before the Court is whether defendant's counterclaim against the government satisfies the pleading requirements of the Rules of this Court. The government initiated this action pursuant to 28 U.S.C. § 1582 to collect duties owing from defendant and to enforce penalties assessed against defendant under 19 U.S.C. § 1592 (1982). The government claims defendant falsely certified that the imported merchandise was the product or manufacture of a Generalized System of Preference (GSP) beneficiary country and that defendant omitted certain values and costs associated with these goods from the invoice prices and value information submitted to Customs. Thus, duties were assessed on these omitted values, as well as the penalty. In addition to denying these allegations, defendant has asserted sixteen defenses and one counterclaim. The counterclaim reads as follows:

> 37. Based on the foregoing denials and defenses, Defendant's counterclaim seeks to have this Court hold unlawful and set aside as unwarranted by the facts and undertaken without observance of procedure required by law all U.S. Customs Service action, findings and conclusions relating to any alleged duties or penalties assessed in connection with the entries referenced in Exhibit A. Defendant further seeks to have this Court permanently enjoin Plaintiff from taking any further action to collect such alleged duties or penalties. This counterclaim is brought pursuant to 5 U.S.C. §§ 702, 703, 706(2)(D) and 706(2)(F) and 28 U.S.C. §§ 1585 and 2643(c)(1). This Court has jurisdiction over the counterclaim under the foregoing statutes, 28 U.S.C. § 1583 and, if this Court has jurisdiction over Plaintiff's purported claims, which Defendant denies, principles of ancillary jurisdiction.

*Defendant's Answer,* ¶37. Plaintiff has moved to strike this counterclaim: for lack of jurisdiction, for failure to state a claim upon which relief may be granted, for vagueness, and for redundancy. In the alternative, plaintiff moves to designate the counterclaim an affirmative defense or require defendant to amend the counterclaim to make it more definite and certain.

## DISCUSSION

The use of counterclaims has been encouraged as an efficient method for the fair and speedy disposal of all claims existing between two parties. *Louisville Trust Co.* v. *Glenn,* 66 F. Supp. 872 (W.D. Ky. 1946). This policy is incorporated into USCIT R. 13(a) which states:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if (1) the claim involves the imported merchandise that is the subject matter of the civil action, or (2) the claim is

to recover upon a bond or customs duties relating to such merchandise.

Pursuant to 28 U.S.C. § 1583 (1982), this court has jurisdiction over any such counterclaim. Yet, a counterclaim must satisfy the requirements of USCIT R. 8(a), which dictates that a counterclaim must contain the basis of the court's jurisdiction, a statement showing the pleader is entitled to relief, and a demand for judgment.

Defendant alleges the counterclaim is brought pursuant to 5 U.S.C. §§ 702, 703, 706(2)(D) and (2)(F). However, § 702 provides that an aggrieved party is entitled to judicial review of the agency action; § 703 relates to the procedure for judicial review; and § 706 sets forth the applicable standards for judicial review. *See United States* v. *Federal Insurance Co. & Cometals, Inc.,* 6 CIT 243 (1983) (5 U.S.C. §§ 701, *et seq.* does not serve as the basis for a counterclaim). Defendant further relies on 28 U.S.C. §§ 1585 and 2643(c)(1), but these statutes relate only to the power of this court to grant equitable relief. None of these statutes grant this court jurisdiction to hear any particular claim, or authorize a specific cause of action. Further, defendant stated that this court has jurisdiction over the counterclaim under 28 U.S.C. § 1583. To the extent that defendant has a properly pleaded counterclaim, it may be asserted pursuant to 28 U.S.C. § 1583. *See e.g., United States* v. *Lun May Co.,* 11 CIT 18, 652 F. Supp. 721 (1987); *United States* v. *Gold Mountain Coffee, Ltd.,* 8 CIT 338, 601 F. Supp. 215 (1984). However, defendant must still demonstrate that the allegations state a claim for which relief may be granted.

Defendant asserts that its counterclaim is based in part on the denials and defenses that: plaintiff failed to comply with procedural requirements, no false statements were made, the costs and values of certain items which were omitted were not subject to duty, the penalty assessed should be mitigated or cancelled, and defendant's actions were not negligent or grossly negligent.

"A counterclaim is a cause of action in favor of a defendant upon which he might have sued the plaintiff and obtained affirmative relief in a separate action." *Hann* v. *Venetian Blind Corp. et al.,* 15 F. Supp. 372, 376 (S.D. Ca. 1936). Moreover:

> [a] counterclaim which merely sets forth matters seeking to defeat the plaintiff's claim which are put in issue by the plaintiff's own bill or by the affirmative defenses is not a counterclaim at all. It is merely an attempt to restate affirmatively defensive matter which is already available through the denial of the allegations of the plaintiff's bill and the affirmative defensive matter, * * * which any court is bound to strike from the answer.

*Id.* at 377. A counterclaim does not necessarily attack plaintiff's right of action, but if established will defeat, diminish, or overcome plaintiff's recovery. It is defendant's right of action. In comparison, a defense, while it also seeks to defeat or diminish plaintiff's right

of recovery, *does* attack plaintiff's claim, setting forth reasons why that claim should not be granted. *Id.*

Defendant's assertions are in the nature of attacking plaintiff's claim. The first part of the counterclaim states that Customs' findings and conclusions are unwarranted by the facts. In the present situation, this does not set up a right of recovery but is a consideration in determining whether plaintiff's claim should be granted. Defendant further alleges that Customs' actions were undertaken without observance of procedure required by law. However, "failure to comply with regulations is considered an affirmative defense." *United States* v. *Atkinson,* 6 CIT 257, 259, 575 F. Supp. 791, 793 (1983), *aff'd,* 3 Fed. Cir. (T) 15, 748 F.2d 659 (1984). Merely incorporating the defenses and denials into the counterclaim without setting forth an independent basis for the action, serves only to restate the controversy, and the court is authorized to strike such a pleading. *Stanley Works* v. *C.S. Mersick & Co.,* 1 F.R.D. 43 (D. Conn. 1939).

Furthermore, the right to assert a counterclaim under 28 U.S.C. § 1583 does not provide a new cause of action against the government. *See Gold Mountain Coffee,* 8 CIT at 339, 601 F. Supp. at 217; USCIT R. 13(c). Where there is no specific Congressional authority for an original action against the government based on the claim, the counterclaim is similarly barred. *United States* v. *United States Fidelity & Guaranty Co.,* 309 U.S. 506 (1940). The Court is pressed to find authority, statutory or otherwise, which permits defendant to initiate an action based on this counterclaim, *i.e.,* to prevent the government from seeking to recover the duties or penalty. *See e.g. Dennison Mfg. Co.* v. *United States,* 12 CIT 1, Slip Op. 88-1 (January 8, 1988) (plaintiff could not contest the issuance of a penalty notice by Customs in the absence of the government bringing an action to collect the penalty); *Seaside Realty Corp.* v. *United States,* 9 CIT 178, 607 F. Supp 1481 (1985); *see also United States* v. *Zuber & Co.,* 9 CIT 511 (1985) (although defendant barred from challenging inclusion of costs in valuation of goods via 19 U.S.C. § 1514, matter could be raised defensively in § 1592 action brought against defendant).

However, the Court is reluctant to dismiss the counterclaim in accordance with the guidelines of USCIT R. 8(d):

> When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

Thus, defendant's allegations in ¶37 of its answer, improperly labeled a counterclaim, shall be deemed an affirmative defense. In light of this conclusion, it is unnecessary to address plaintiff's alternative arguments.