**UNITED STATES of America, Plaintiff,**

v.

**LUN MAY CO., INC., and American Motorists Insurance Company, Defendants.**

**AMERICAN MOTORISTS INSURANCE COMPANY, Third-Party Plaintiff,**

v.

**May M. LAM, a/k/a Homay Lam, Third-Party Defendant.**

No. 86–04–00433.

United States Court of International Trade.

Jan. 9, 1987.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Director, Commercial Litigation Branch, Civ. Div., Dept. of Justice (Nancy E. Reich), New York City, for plaintiff.

Soller, Singer & Horn (William C. Shayne) New York City, for defendant, Lun May Co., Inc.

Russotti & Barrison (Harvey Barrison), New York City, for defendant and third-party plaintiff, American Motorists Insurance Company.

Marshall Beil, New York City, for third-party defendant, May M. Lam.

*Memorandum Opinion and Order*

DiCARLO, Judge:

This is an action brought by the United States pursuant to 28 U.S.C. § 1582(2) to collect liquidated damages in the amount of $50,499.00 plus interest from an importer and its surety for alleged breaches of an immediate delivery and consumption entry bond. In its answer, defendant Lun May Co., Inc. (Lun May), the importer of record and principal under the bond, counterclaims against the government in the amount of $225,000.00. The government moves to dismiss Lun May's counterclaim and alternatively seeks an order requiring Lun May to file a more definite statement of its counterclaim. The government's motion to require a more definite statement is granted.

The complaint alleges that defendant Lun May as principal and defendant American Motorist Insurance Company (American Motorist) as surety executed an immediate delivery and consumption entry bond on September 14, 1979, under which defendants jointly and severally agreed to pay all duties, taxes and liquidated damages resulting from the importation of merchandise covered by the bond, and further agreed to export any merchandise covered by the bond found not to comply with the laws and regulations of the United States, and if in default thereof, to pay to the District Director of Customs an amount equal to the value of the merchandise plus estimated duties as liquidated damages.

The government contends that on six occasions between September 1979 and April 1980, an entry of foodstuffs covered by the bond was released to Lun May, that samples of the entries were taken under the authority of section 801(a) of the Food, Drug and Cosmetic Act (FDCA), 21 U.S.C. § 381 (1982), and that the Food and Drug Administration notified Lun May on each occasion that the goods were in violation of section 801(a)(3), FDCA, 21 U.S.C. § 381(a)(3), and therefore admission into the United States was refused. The notices of refusal sent to Lun May required that the merchandise be exported under the supervision of the United States Customs Service (Customs) within 90 days. The complaint alleges that no proof of exportation or destruction under Customs supervision has been provided, that liquidated damages were assessed and notices sent to American Motorist, and that neither Lun May nor American Motorist have paid the assessed liquidated damages despite demands by Customs. The government seeks judgment in the amount of the combined entered value of the six entries of merchandise, plus interest.

In its answer, Lun May denies any liability under the bond and, as an affirmative defense, says that the complaint fails to state a claim upon which relief can be granted for lack of specificity. Lun May also alleges the following counterclaim:

[1.] During the period of 1979 through 1985, United States Customs did demand from defendant LUN MAY the sum of $225,000 representing various claims for liquidated damages.

▮ During this period of time payments were made to the United States Customs Service for liquidated damages.

▮ Customs in numerous instances failed to follow its own procedure regarding these claims.

▮ The Food and Drug Administration failed to follow its procedure regarding the merchandise covered by the Customs claims.

WHEREFORE, defendant LUN MAY respectfully requests that this court enter judgement in favor of LUN MAY CO., INC. dismissing the government's complaint and enter judgement in favor of LUN MAY against the United States in the total amount $225,000 plus interest and grant such other and further relief to defendant as the court deems just and appropriate.

The government argues that the counterclaim consists of vague allegations which do not sufficiently set forth minimum facts needed to establish jurisdiction, and that the counterclaim must be amended or dismissed.

Counterclaims in the United States Court of International Trade are provided for under 28 U.S.C. § 1583 (1982), which states:

In any civil action in the Court of International Trade, the court shall have exclusive jurisdiction to render judgment upon any counterclaim, cross-claim, or third-party action of any party, if (1) such claim or action involves the imported merchandise that is the subject matter of such civil action, or (2) such claim or action is to recover upon a bond or customs duties relating to such merchandise.

The question whether Lun May may raise its counterclaim in this action depends upon whether the counterclaim "involves the imported merchandise that is the subject matter of" the main action.

Lun May's counterclaim refers to liquidated damages claims made by the government during the period 1979 through 1985. The scope of the counterclaim extends well beyond the period September 1979 through April 1980, during which time the merchandise underlying the government's claim was entered.

Lun May argues that the scope of permissible counterclaims in this action should not be limited to claims concerning the six entries that are the subject of the government's action pursuant to 28 U.S.C. § 1582(2). It states:

The scope of the action commenced by the Government in this case is with respect to the bond. Therefore the term "imported merchandise" as it relates to the scope of the counterclaim in an action commenced by the Government, not on particular merchandise, but on a bond, must necessarily be the same as the scope of the bond. This would, by necessity, include *all* imported merchandise entered under the terms of the bond by the importer, regardless of whether included in the particular entries brought before the court by the Government.

Brief for Lun May at 4.

Lun May's position is based on its interpretation of the legislative history of the Customs Courts Act of 1980, which states that section 1583 "would permit the Court of International Trade to dispose of all claims arising out of the same underlying transaction in the one proceeding, which it must conduct in any event." H.Rep. No. 96–1235, 96th Cong., 2d Sess. 37, *reprinted in* 1980 U.S.Code Cong. & Ad. News 3729, 3749.

The Court finds that the legislative history is in harmony with the plain meaning of the statute, which says that counterclaims must relate to "the imported merchandise

that is the subject matter of such civil action ..." 28 U.S.C. § 1583. *See* H.Rep. No. 96–1235, 96th Cong.2d Sess. 49 *reprinted in* 1980 U.S. Code Cong. & Ad. News 3729, 3761 ("The proposed section allows a counterclaim ... to be asserted if it involves the imported merchandise which is the subject matter of the civil action before the court."). The Court holds that Lun May may only raise claims relating to the six entries which are the subject of this civil action.

To the extent that Lun May has a claim with respect to the merchandise that is the subject of this action, it may assert a counterclaim under section 1583. However, such a claim must be set forth with greater particularity. Lun May states:

> Defendant will upon return of discovery materials by the government amend its counterclaim and set forth with greater particularity the elements of entries, merchandise and issues of this counterclaim.

Brief for Lun May at 6.

Lun May's discovery requests are currently the subject of a motion by the government for a protective order. The government argues that discovery should be postponed until after the Court rules on its motion for summary judgment, which is currently before the Court. Lun May opposes the motion for a protective order and on December 11, 1986 it cross-moved for an order to compel discovery and for an extension of time until after the government has complied with its discovery requests to respond to the government's motion for summary judgment. Lun May's response to the summary judgment motion was due on December 15, 1986. Defendant American Motorist has filed its response to the motion for summary judgment.

The Court will hold a conference within 5 days to determine if discovery is appropriate before Lun May must file its opposition to plaintiff's motion for summary judgment. Should the Court find that the motion for summary judgment is grounded solely upon questions of law, Lun May's motion to compel discovery will be denied and it must file its opposition to defendant's motion for summary judgment.

Lun May shall file within 10 days any counterclaim setting forth a claim for relief with respect to the subject merchandise. If Lun May makes such a claim, and should discovery be required on that claim, the Court may enter a separate scheduling order and trial date on the counterclaim under Rules 13(h) and 42(b) of the Rules of the Court.