**UNITED STATES of America, Plaintiff,**

**v.**

**MENARD, INC., Defendant.**

**Court No. 89–05–00238.**

United States Court of
International Trade.

May 21, 1992.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Jane E. Meehan, Atty., Washington, D.C., for plaintiff U.S.

Irving A. Mandel, New York City (Thomas J. Kovarcik, of counsel), for defendant Menard, Inc.

## MEMORANDUM OPINION AND ORDER

WATSON, Senior Judge:

This is an action in which the government seeks to enforce civil penalties and collect customs duties, pursuant to 19 U.S.C. § 1592 (Tariff Act of 1930, § 592). Jurisdiction is based on 19 U.S.C. § 1582. The matter is currently before the Court pursuant to defendant's motion for summary judgment and plaintiff's cross-motion for partial summary judgment.

Defendant is a closely held corporation with headquarters in Eau Claire, Wisconsin. It operates retail home centers in Wisconsin, Minnesota, Iowa, North Dakota and Illinois, and also builds and sells post frame buildings, and manufacturers building components. In the period from 1983 to 1986, Menard imported hardware and housewares from Taiwan, through several ports of entry.

On April 29, 1986, the Minneapolis region District Director of Customs was advised by certain customs brokers in Minneapolis that Menard, Inc. had submitted entry documents to Customs which contained undervalued prices on imported merchandise. As a result, Customs investigated the matter, and performed a regulatory audit upon Menard's books and records in Eau Claire for the period of October, 1983 through May, 1986.

Customs auditors reviewed 1,954 entries filed by Menard during that period.

The audit showed that Menard was taking credit for previously imported, allegedly defective merchandise by deducting a determined amount from the amount due on the current purchase orders. The vendor adjusted unit prices for items ordered to give Menard credit on previously imported items which were claimed to be defective.

Customs determined that this practice resulted in loss of revenue of $53,215.30 upon imported merchandise. The loss resulted from undervalued prices of merchandise declared upon one hundred and forty Customs consumption entries. Customs issued a prepenalty notice to Menard on December 5, 1988, stating that it proposed to assess a monetary penalty of more than $200,000 (four times the loss of revenue) for gross negligence pursuant to 19 U.S.C. § 1592. Menard officials attended an oral conference with Customs in Minneapolis, and Menard submitted prepenalty response on December 20, 1988. On January 12, 1989, Customs issued Menard a penalty notice in the amount of $106,209.90 (two times the amount of lost revenue), for *negligent* violation pursuant to 19 U.S.C. § 1592. Correspondence ensued, and the assessed penalty was not paid.

On May 4, 1989, the government instituted this action to collect the lost duties and civil penalty assessed against Menard. Its complaint alleges 1) "[t]he violations of 19 U.S.C. § 1592 ... were the result of negligence [and] the penalty for negligence is $100,326.62, which amount represents two times the lawful duties of which the United States was deprived," and 2) "[p]ursuant to 19 U.S.C. § 1592(d), defendant is liable for customs duties owed in the amount of $50,-163.31 plus interest."

Section 1592 provides for "penalties for fraud, gross negligence, and negligence." It states:

(a) Prohibition.—

(1) General rule.—Without regard to whether the United States is or may be deprived of all or a portion of any lawful duty thereby, no person, by fraud, gross negligence, or negligence—

(A) may enter, introduce, or attempt to enter introduce any merchandise into the commerce of the United States by means of—

(i) any document, written or oral statement, or act which is material and false, or

(ii) any omission which is material, or

(B) may aid or abet any other person to violate subparagraph (A).

19 U.S.C. § 1592(a)(1).

The penalty provision of the statute provides:

(3) Negligence.—A negligent violation of subsection (a) of this section is punishable by a civil penalty in an amount not to exceed—

(A) the lesser of—

(i) the domestic value of the merchandise, or

(ii) two times the lawful duties of which the United States is or may be deprived, ...

19 U.S.C. § 1592(c)(3). Under § 1592(e)(4), "if the monetary penalty is based on negligence, the United States shall have the burden of proof to establish the act or omission constituting the violation, and the alleged violator shall have the burden of proof that the act or omission did not occur as a result of negligence."

Defendant Menard has moved for summary judgment pursuant to Rule 56 of the Rules of the United States Court of Inter-national Trade, seeking to dismiss the government's case for three reasons. It claims that 1) evidence of a false statement or document, essential to a § 1592 penalty claim, does not exist; 2) that the statute of limitation for collecting duty on subject entries has expired, and 3) that it does not owe any money to the government, having not only paid the Customs duty owed, but having paid it earlier than the law required, so that "equitable recoupment" bars the government from collecting these duties twice.

Essentially, the parties do not dispute the facts regarding the importation. Both seem to agree that a previous importation of merchandise, on which duties were paid, turned out to be defective. They also agree that there was a later importation of merchandise, which is the subject of this case, and that Menard adjusted the declared value of the later merchandise in order to compensate itself for duties previously paid on merchandise later determined to be defective. What divides the parties is the question of the propriety of the manner in which Menard made those adjustments.

Menard's explanation of its position is relatively straightforward:

Menard's system of accounting for defective merchandise did not involve filing protests to receive duty refunds on the defective shipments. Instead, it negotiated price credits on later shipments from the same vendor. The auditors verified this practice.... The purchase orders for the subject merchandise did not reflect the negotiated credits, and therefore contained price quotations that were higher than the invoice prices.... Customs admits that Menard accepted and paid the invoice prices. Thus, the invoice prices, not the purchase orders, reflected the "price paid or payable" for the subject merchandise.

Defendant's Motion for Summary Judgment at 4.

Menard alleges that Customs is attempting to collect duty twice by seeking duty on the merchandise at its price prior to the price reductions negotiated to compensate for the previously imported defective merchandise. It assets that the requirements of § 1592(a)(1)(A)(i) for the presence of a statement or statements which are "material and false" have not been met because there are no such statements. Menard maintains that the "price actually paid or payable for the merchandise," under § 402 of the Tariff Act of 1930, was the invoice price. Since Menard agreed to and actually did pay duties on those prices, it claims that it declared the correct dutiable values and paid the proper amount to Customs.

Finally, Menard alleges that the Court has upheld a ninety day statute of limitations for actions to collect duties under § 1592 penalty cases which do not involve fraud. Menard interprets the statute as stating that in penalty cases not involving fraud, "[a] protest of a decision, order, or finding described in subsection (a) of this section shall be filed with such customs officer within ninety days after but not before—(A) notice of liquidation or reliquidation." 19 U.S.C. § 1514(c)(2)(A). The subject entries were made between 1984

and 1986, and the action was commenced on or about May 4, 1989. Thus, Menard claims that the government is barred from collecting additional duties on these entries.

Defendant Menard also asserts that under the theory of equitable recoupment, it is entitled to a refund for previous overpayment of duties on defective merchandise, despite the fact that the time to file protests has expired. Under this theory, there is no money owed for the government to collect, that is to say, previous overpayment established a sort of credit from which the government may theoretically deduct any balance it believes it is owed by Menard.

In its cross-motion for partial summary judgment, the government asks the Court to find that defendant-Menard negligently violated 19 U.S.C. § 1592 and enter partial summary judgment in its favor. In the alternative, the government asks the Court to specify those facts that appear without substantial controversy, pursuant to C.I.T. Rule 56(e).

The government alleges that the purchase orders, containing price quotations which did not include the defective merchandise credits, reflect the proper dutiable values. It claims that Menard caused statements to be made which represented the price or value of the entries to be lower than the actual purchase prices. The statements were material, inasmuch as they caused the government to lose customs duties. The government further argues that its claims are not time-barred, since there is no specified period within which the government must institute an action to collect lost duties pursuant to 19 U.S.C. § 1592(d).

In addition, the government asserts that Menard is not entitled to recoupment because 1) it failed to protest previous overpayment in a timely manner, and 2) the overpayment didn't arise from the same transactions or occurrences upon which the complaint is based. The government argues that Menard's conclusory statements are unsupported by affidavits or declarations setting forth specific facts regarding the overpayment of duties upon entries of merchandise which was allegedly defective.

Plaintiff United States has submitted a lengthy statement pursuant to Rule 56(i).[1]

█ In its 56(i) statement, plaintiff provides what it asserts are pertinent facts regarding the 132 entries in question, as derived from the relevant documents. Each entry is identified along with its invoice value, purchase order number and value, the difference in values and applicable dutiable rates, and the amount of duty the government claims was lost as a result.

Menard failed to controvert plaintiff's 56(i) statement with any specificity, claiming that "it would be unconscionable to require that Menard respond to each of the 3,305 paragraphs of irrelevant and legally conclusory allegations contained in plaintiff's 325 page Rule 56(i) statement."

This Court does not accept defendant's blanket denial as a proper controversion to plaintiff's statement. The Court of Appeals for the Federal Circuit has held:

Where a movant has supported its motion with affidavits or other evidence which, unopposed, would establish its right to judgment, the non-movant may not rest upon general denials in its pleading or otherwise, but must proffer countering evidence sufficient to create a genuine factual dispute. A dispute is *genuine* only if, on the entirety of the record, a reasonable jury could resolve a factual matter in favor of the non-movant.

.    .    .    .    .

---

1. Rule 56(i) of the United States Court of International Trade Rules states:

Upon any motion for summary judgment, there shall be annexed to the motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

Mere conclusory statements and denials do not take on dignity by placing them in affidavit form.

*Sweats Fashions, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1562–64 (Fed.Cir.1987). Defendant Menard responded to paragraph 1 through 3,305 of plaintiff's statement with one word: "denies."

Despite its denial, Menard has proffered no "countering evidence sufficient to create a genuine factual dispute." This Court applied the *Sweats Fashions* analysis of the Rule, and on March 2, 1992, granted plaintiff's motion to deem admitted the contents of plaintiff's Rule 56(i) statement. As material facts are no longer in dispute, resolution of this matter rests solely upon application of the relevant law.

■ Defendant claims that the statute of limitations bars the government from collecting duty on the subject entries. To support its argument, defendant relies upon *United States v. Appendagez, Inc.*, 560 F.Supp. 50 (CIT 1983). The *Appendagez* Court held:

The applicable statutory provision, 19 U.S.C. § 1521, provides that if the appropriate customs officer finds probable cause to believe that there is fraud in the case, he may reliquidate an entry within two years after the date of liquidation or last reliquidation. If there is no probable

cause to believe that there is fraud in the case, 19 U.S.C. § 1514(c)(2)(A) applies, and the cause of action is time barred if not brought within 90 days after notice of liquidation or reliquidation.

*Id.* at 55.

The Court "with[held] its decision on whether plaintiff's claim for duties of which it was deprived [was] time barred," because it could not determine "when, if ever, the disputed entries were liquidated or reliquidated, and whether the appropriate customs officer had probable cause to believe there was fraud in the case." *Id.* at 56. It did, however find that "the claims on entries made prior to five years from the commencement of this action are time barred." *Id.*

In this case, the defendant asserts that the action to collect duties is time barred because the government has not alleged fraud. The government claims that the *Appendagez* court erred in stating that 19 U.S.C. §§ 1514 and 1521 operate as a statute of limitations on government actions for collection of duties pursuant to 1592(d). It interprets § 1592(d) as entitling Customs to require that lawful duties which have been deprived should be restored, and claims § 1514 cannot be construed as limiting recovery of duties authorized by § 1592(d).[2]

2. The pertinent parts of the statute state:

§ 1514. Protest against decision of appropriate customs officer.

(a) Finality of decisions; return of papers. Except as provided in subsection (b) of this section, section 1501 of this title (relating to voluntary reliquidation), section 1516 of this title (relating to petitions by domestic interested parties), section 1520 of this title (relating to refunds and errors), and section 1521 of this title (relating to reliquidation on account of fraud), decisions of the appropriate customs officer, including the legality of all orders and findings entering into the same, as to—

(1) the appraised value of merchandise;

(2) the classification and rate and amount of duties chargeable;

(3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury;

(4) the exclusion of merchandise from entry or delivery or a demand for redelivery to customs custody under any provision of the

customs laws, except a determination appealable under section 1337 of this title;

(5) the liquidation or reliquidation of an entry, or any modification thereof;

(6) the refusal to pay a claim for drawback; and

(7) the refusal to reliquidate an entry under section 1520(c) of this title,

shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade in accordance with chapter 169 of Title 28 within the time prescribed by section 2636 of that title. When a judgment or order of the United States Court of International Trade has become final, the papers transmitted shall be returned, together with a copy of the judgment or order to the

Recognizing that provisions for liquidation and reliquidation were insufficient to permit the United States to recover revenue lost through culpable acts of importers, Congress implemented § 1592(d) to remedy the situation. This Court agrees with the government's interpretation that neither § 1514 or § 1521 can be construed as a statute of limitations for recovery of duties under § 1592, because both sections serve different purposes.

A close reading of 19 U.S.C. § 1621 reveals the flaws in defendant's argument:

§ 1621. Limitation of actions

No suit or action to recover any pecuniary penalty of forfeiture of property accruing under the customs laws shall be instituted unless such suit of action is commenced within five years after the time when the alleged offense was discovered: *Provided,* That in the case of an alleged violation of section 1592 of this title arising out of gross negligence or negligence, such suit or action shall not be instituted more than five years after the date the alleged violation was committed: *Provided further,* That the time of the absence from the United States of the person subject to such penalty or forfeiture, or of any concealment or absence of the property, shall not be reckoned within this period of limitation.

Section 1621 provides that the government must bring suit for penalties under § 1592 within five years from the date of discovery of the violation (in the case of fraud), or five years from the date the violation was committed (in the case of gross negligence or negligence). Defendant's argument that the time limit for

appropriate customs officer, who shall take action accordingly.

.　　　.　　　.　　　.　　　.

(c)(2) A protest of a decision, order, or finding described in subsection (a) of this section shall be filed with such customs officer within ninety days after but not before—

(A) notice of liquidation or reliquidation, or

(B) in circumstances where subparagraph (A) is inapplicable, the date of the decision as to which protest is made.

§ 1521. Reliquidation on account of fraud.

If the appropriate customs officer finds probable cause to believe there is fraud in the

recovering penalties is shorter is unreasonable.

This Court agrees with the government's contention that the purpose of § 1592(d) is to make the government whole for revenue lost as a result of submission of false statements to Customs. The government claims that there is no specific limitation on the period during which the government must seek restoration of lost duties resulting from a violation of § 1592, and that there is no general statute of limitations applicable to the entire statute. Defendant's interpretation of the statute is not reasonable, in light of the fact that Customs probably would not be aware of such violations until long after the 90 day time limit expired. Thus, the government's claim in this section is not time barred.

Section 1592(e) provides:

District court proceedings.—Notwithstanding any other provisions of law, in any proceeding in a United States district court commenced by the United States pursuant to section 1604 of this title for the recovery of any monetary penalty claimed under this section—

(1) all issues, including the amount of the penalty, shall be tried de novo;

(2) if the monetary penalty is based on fraud, the United States shall have the burden of proof to establish the alleged violation by clear and convincing evidence;

(3) if the monetary penalty is based on gross negligence, the United States shall have the burden of proof to establish all the elements of the alleged violation; and

case, he may reliquidate an entry within two years (exclusive of the time during which a protest is pending) after the date of liquidation or last reliquidation.

§ 1592. Penalties for fraud, gross negligence, and negligence

.　　　.　　　.　　　.　　　.

(d) Deprivation of lawful duties.—Notwithstanding section 1414 of this title, if the United States has been deprived of lawful duties as a result of a violation of subsection (1) of this section, the appropriate customs officer shall require that such lawful duties be restored, whether or not a monetary penalty is assessed.

(4) if the monetary penalty is based on negligence, the United States shall have the burden of proof to establish the act or omission constituting the violation, and the alleged violator shall have the burden of proof that the act or omission did not occur as a result of negligence.

Since the penalty in this case is based on negligence, it is clear that the government has "the burden of proof to establish the act or omission constituting the violation." Once the government satisfies the burden, it shifts to the alleged violator to prove that the "act or omission did not occur as a result of negligence." Since this Court has ordered the material facts admitted, it remains to be determined whether those acts constituted a violation and, if so, whether that violation was a result of Menard's negligence.

■ As § 1592 applies to this case, Menard is liable if it negligently "enter[ed], introduce[d], or attempt[ed] to enter or introduce any merchandise into the commerce of the United States by means of—(i) any document, written or oral statement, or act which is material and false, or (ii) any omission which is material." 19 U.S.C. § 1592(a)(1)(A). This Court has held that "the measurement of the materiality of the false statement is its potential impact upon Customs determination of the correct duty for the imported merchandise." *United States v. Rockwell International Corp.*, 628 F.Supp. 206, 210 (CIT 1986) (DiCarlo, J.). That measurement of materiality would also apply to a false statement by omission.

"A question of materiality involves a legal issue to be decided by the Court." *Id.* at 209. In this case, the amount of duties depended on the appraised value of the imported merchandise. Customs was not advised that the declared purchase prices and entered values were not based entirely on direct payments. Their appraisal was based upon declared prices and entered values which had in fact been lowered by deductions of amounts defendant alleges were owed to them by the exporter. As a result, the duties which were assessed were lower than those due on the purchase price of the goods, which in fact included indirect payments.

Understated prices in customs entry documents are material because they alter the appraisement and liability for duty of entered merchandise. Thus, the statements, or omissions, by Menard were material because they resulted in a loss of revenue to the United States.

■ The Court must next determine whether the material act or acts which caused the loss of revenue resulted from Menard's negligence. Menard admits that it failed to declare the indirect payments, or credit taken for previously imported defective merchandise. It justifies that action by claiming that its "system of accounting for defective merchandise" consists of negotiating credits on later shipments from the vendor rather than filing protests to receive duty refunds.

The government claims that Menard failed to exercise any care to ensure that this was the proper method of declaration under the circumstances. A cursory review of applicable customs regulations would have apprised Menard that it should have declared the indirect payments, and left the determination of their propriety to Customs. Menard's failure to declare the actual prices of the merchandise prior to subtraction of credit due was incorrect.

Only a modicum of care would have been needed to ascertain the proper method for obtaining allowances for duties paid on damaged or defective merchandise. Menard's failure to request and receive the allowance was due to its negligent disregard of the applicable regulations. The government asserts that "[c]ertainly, importers are not permitted to keep a 'running tally' on the amount of duties to be paid by crediting overpayment upon the next shipment and entry of merchandise." *Plaintiff's Cross–Motion for Partial Summary Judgment* at 17.

Despite Menard's claims, this Court finds that the obligation to make a proper inquiry into the regulations is not unrealistic or burdensome. If the importer is not able

to make such a determination on its own, the question could be resolved without excessive effort by obtaining professional advice. The importer has the duty to ascertain the correctness of its private methods of altering declared value. Determination of the price of the merchandise by its own standards, and declaration of the same in disregard of the regulations, is not acceptable. The Court finds that Menard failed to exercise due care in determining the proper method of declaring the value of the subject entries. Thus, the material acts resulting in the loss of revenue were caused by Menard's negligence.

■■■ Finally, Menard claims that it is entitled to recoupment against the government's claim for lost duties, based upon the duties overpaid on the previously imported, allegedly defective merchandise.

"*Recoupment* is a demand arising from the same transaction as the plaintiff's claim." 3 *Moore's Federal Practice* § 13.02 (2d Ed.1991). It "arises out of the transaction sued on [and] is the basis of a compulsory counterclaim." *Id.* The United States Supreme Court has held:

> The essence of the doctrine of recoupment is stated in the *Bull* case: "recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded." 295 U.S. 247, 262 [55 S.Ct. 695, 700, 79 L.Ed. 1421]. It has never been thought to allow one transaction to be offset against another, but only to permit a transaction which is made the subject of suit by a plaintiff to be examined in all its aspects, and judgment to be rendered that does justice in view of the one transaction as a whole.

*Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296, 299, 67 S.Ct. 271, 272, 91 L.Ed. 296 (1946). *See also Bull v. United States*, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 (1935).

This Court has found that:

> Recoupment is in the nature of a defense. It requires no waiver of sovereign immunity because the government necessarily consents to adjudication of the entire transaction when it files suit

with regard to that transaction.... Recoupment implies a balancing of credits. Therefore both plaintiff's and defendants' claims must give rise to the same type of relief.... [R]ecoupment requires that plaintiff's and defendants' claims involve the same transaction.

*United States v. Gold Mountain Coffee, Ltd.*, 601 F.Supp. 215, 217–18 (CIT 1984). *See also United States v. Lun May Co., Inc.*, 652 F.Supp. 721, 723–24 (CIT 1987).

Under Rule 13(e) of the Rules of the Court of International Trade, "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." However, failure to properly assert a counterclaim is not the issue in this case. The recoupment counterclaim may not be allowed because it is inappropriate. Defendant Menard is not entitled to recoupment against this government claim as it does not arise from the same transaction, or involve the same merchandise, as that which defendant claims gave rise to the overpayment. In fact, Menard fails to identify the merchandise upon which the claim for "credit" is based. Recoupment, which arises out of some feature of the transaction upon which plaintiff's action is grounded, does not allow one transaction to be offset against another. It permits the subject transaction to be examined in all its aspects, in order for the judgment to do justice to what are facets of one transaction as a whole.

Menard admits that its recoupment claim does not involve the same merchandise covered by this complaint, and that it negotiated credits on later shipments to account for previously shipped defective merchandise. It appears that the sole common factor between the transactions which Menard alleges is that the merchandise comprising this transaction was ordered at the same time Menard applied for credit for the previously imported allegedly defective merchandise. That does not transform them into a single transaction for recoupment purposes.

For the reasons stated above, it is hereby ORDERED that defendant's motion for summary judgment is DENIED, and plaintiff's cross-motion for partial summary judgment is GRANTED.