TIE Communications, Inc., plaintiff *v.* United States, U.S. Customs Service, and District Director, Customs District Office, St. Albans, Vermont, defendants

Court No. 91–04–00300

(Dated November 25, 1992)

*Skadden, Arps, Slate, Meagher & Flom (Rodney O. Thorson)* for plaintiff.
*Stuart M. Gerson,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Jeffrey M. Telep, Vanessa P. Sciarra*), *Anna Tretter,* Office of Regional Counsel, United States Customs Service, of counsel, for defendant.

## Memorandum Opinion and Order

Musgrave, *Judge:* Upon consideration of the government's fourth Motion for an Extension of Time in which to file a response to plaintiff's cross motion for summary judgment and plaintiff's opposition thereto, this Court recently denied the government's motion in its October 27, 1992 order. Now the government comes before this Court for leave to file its response and its Supplemental Motion for Summary Judgment and Defendants' Memorandum In Support of its Supplemental Motion For Summary Judgment and In Response to Plaintiff's Cross Motion for Summary Judgment *out of time.* This motion is likewise denied. The Court considers the record closed and will consider the merits of the case based upon the record presently before it.

Defendant can find no solace for its dilatory behavior and inaccurate brief writing by merely rotating the case over from attorney to attorney. The defendant's pretense that it needed time "to complete the typing of an affidavit" to counter plaintiff's motion is also disingenuous[1] given the length of time that this matter has been in litigation and the government's own contention that it was "having difficulty identifying" a Customs official to be an affiant as of its last (fourth) request for an extension of time.[2]

In addition, defendant states as a reason for granting its motion that the Court is without subject matter jurisdiction under 28 U.S.C. 1581(i), claiming that "This is the first time in this proceeding that we have asserted this jurisdictional argument." Defendants' Motion at 2. This is a gross misstatement of the record as the jurisdictional issue was expressly raised and argued by it at the outset of this case in opposition to plaintiff's motion for a preliminary injunction (which the Court granted), and in support of its motion to dismiss (which the Court denied). In granting plaintiff's motion for a preliminary injunction, the Court "conclude[d] that the clauses pleaded herein [were] within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1581(i) * * *." To ignore the record on its face, and the plain language of the court orders contained within, severely tests the patience of this Court.

Lastly, the government claims that it needs to file an additional brief to inform this Court of two recent decisions, *United States v. Commodities Export Co.*, 972 F.2d 1266 (Fed. Cir. 1992) and *United States v. Menard, Inc.*, 16 CIT 410, 795 F. Supp. 1182 (1992), which it says are "dispositive" of the statute of limitations issue in this case. In essence, the government claims that there is no statute of limitations for recovery of duties under Section 1592.

In *Menard,* the Court did not reach the issue of whether there was "no specific limitation on the period during which the government must seek restoration of lost duties resulting from a violation of § 1592" (a contention put forth by the government). *See* 795 F. Supp. at 1187. The Court found it unnecessary to rule on that issue in disposing of that case. Similarly inconclusive, the *Commodities Export* case did not even involve a Section 1592 violation.

The Court takes note that the government has ignored the record in making this motion. Moreover, the Court takes a dim view of interposing unsubstantiated claims, supposedly based upon favorable precedents in this circuit, in the hope that this Court will conduct, on behalf of the litigant, extensive legal research in order to construct otherwise absent cogent legal arguments out of its moving papers.

In conclusion, the government's Motion for Leave to File Out of Time is denied.

---

[1] Defendants' Motion for Leave to File Out of Time at 5.

[2] *See* Defendants' Consent [sic] Motion for Extension of Time, dated October 19, 1992, at 2 (Request *denied*).