64 F.3d 678
 17 ITRD 1800
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
The UNITED STATES, Plaintiff-Appellant,
v.
MENARD, INC., Defendant/Cross-Appellant.
 Nos. 94-1524, 95-1100.
 United States Court of Appeals, Federal Circuit.
 Aug. 28, 1995.
 
 Before ARCHER, Chief Judge, RICH and MICHEL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 The United States appeals the November 22, 1993 decision of the Court of International Trade, Docket No. 89-05-00238, assessing penalties against Menard, Inc. for negligent violations of Customs reporting requirements in 19 U.S.C. Sec. 1592(a) (1988)[1] resulting in underpaid duties. Menard appeals imposition of any penalty, arguing that the statute of limitations expired before the United States filed suit. Because the 90 day time limit asserted by Menard does not apply to the facts here, we hold the United States' action was not time barred. Because the court erred by not ordering that Menard pay the unpaid duties as expressly required by statute, we affirm-in-part, vacate-in-part and remand for a reassessment of duty and penalty.
 
 DISCUSSION
 
 2
 On May 4, 1989, the government filed suit in the Court of International Trade for lost duties and a civil penalty based on Menard's violation of 19 U.S.C. Sec. 1592(a) prohibiting false statements to the Customs Service concerning imported merchandise. Internally, Menard accounted for certain items of defective merchandise by negotiating price credits on later shipments from the same vendor. Menard then declared to the Customs Service the adjusted price, including the price credit of the later imported merchandise rather than the actual price. The Court of International Trade concluded that, as a matter of law, Menard had negligently under-reported the price of the imported merchandise because it was required to report the price actually paid, without the credits for the earlier defective merchandise. United States v. Menard, Inc., 795 F.Supp. 1182, 1188 (Ct.Int'l Trade 1992). The court also found that Menard's negligence in reporting the price of the imported merchandise had deprived the government of $53,215.30 in duties. Id. at 1185-86.
 
 
 3
 After a trial to determine the penalty amount, the court assessed a civil penalty against Menard of one times the amount of lost duties, $53,215.30, plus interest from the date of judgment. In setting the penalty amount no higher, the trial court relied on several findings concerning mitigating factors, including that: 1) Menard was not experienced in handling import transactions; 2) it relied heavily on inferential advice of a customs broker; 3) Menard's negligence was "evenhanded" and may have earlier benefitted the government; 4) Menard's executives showed remorse and determination to be more careful; and 5) Menard has no record of previous violations. Without explanation, the court failed to award the government its lost duties. The government appeals this ruling, arguing that, in addition to any discretionary penalty, Menard must be assessed the unpaid duties. We agree.
 
 I.
 
 4
 Although the amount of the civil penalty is within the sound discretion of the trial court, United States v. Valley Steel Prod. Co., 729 F.Supp. 1356, 1359 (Ct.Int'l Trade 1990), the Court of International Trade erred when it failed to award the government the unpaid duties under the relevant statute, 19 U.S.C. Sec. 1592(d). We interpret this statute de novo. St. Paul Fire & Marine Ins. Co. v. United States, 6 F.3d 763, 767 (Fed.Cir.1993). Section 1592(d) provides (emphasis added):
 
 
 5
 Notwithstanding section 1514 of this title, [relating to protests] if the United States has been deprived of lawful duties as a result of a violation of subsection (a) of this section, the appropriate customs officer shall require that such lawful duties be restored, whether or not a monetary penalty is assessed.
 
 
 6
 Section 1592(d), by using the language "shall require," mandates that the Court of International Trade require an importer to pay any duties not paid due to a violation of 19 U.S.C. Sec. 1592(a). See Escoe v. Zerbst, 295 U.S. 490, 493 (1935) (the statutory term "shall" "is the language of command"). Unlike civil penalties, an award of lost duties is not discretionary. See 19 U.S.C. Sec. 1592(c) (establishing the maximum penalty that may be assessed for a violation of section 1592(a)). Moreover, any argument to the contrary is precluded by the clause commencing with "whether or not." Thus, the Court of International Trade committed legal error by not awarding the government the unpaid duties Menard owed because of its under reporting.
 
 
 7
 We are unable to treat the assessed amount of one times the unpaid duties as the required restoration of "lawful duties" rather than as a civil penalty under section 1592(c) because the trial court referred to the damages as a "civil penalty." Nor may we simply so order ourselves. We are unable to ascertain whether the trial court intended to award total damages equal to the unpaid duties plus a civil penalty of like amount ($106,430.60) or equal to only the unpaid duties of $53,215.30 with no additional amount as a penalty. For that reason, we vacate the court's November 22, 1993 judgment against Menard and remand with instructions that the court assess unpaid lawful duties, then re-evaluate its penalty determination and impose whatever penalty, if any, it determines is warranted in light of its previous findings on mitigation.
 
 II.
 
 8
 The government also argues that the Court of International Trade's penalty award was so low as to constitute an abuse of discretion because it was based on clearly erroneous findings of fact, i.e., the mitigating factors relied upon by the court in establishing the amount of the penalty. We see no clear error in these findings. Nor were the inferences the court drew unreasonable. Nor, given such findings, was the amount of the penalty an abuse of discretion.
 
 III.
 
 9
 Menard cross-appeals, arguing that the applicable statute of limitations was not five years but 90 days and thus barred the government from collecting duty on the subject entries. We reject this application of the 90 day provision for the reasons articulated by the Court of International Trade. Menard, 795 F.Supp. at 1187. As to the cross-appeal, we affirm.
 
 
 
 [1]
 15 U.S.C. Sec. 1592 was amended December 8, 1993, Pub.L. No. 103-182, Title II, Sec. 205(c), Title VI, Sec. 621, 107 Stat 2095, 2180. However, because Menard's violations occurred during 1983 through 1986 and the Customs Service first issued a penalty notice in 1989, the earlier version of the statute applies